JAMES H. FAULKNER, Retired Justice.
James Earl Square was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found Square guilty as charged in the indictment, and he was sentenced to 20 years in the penitentiary.
The sole issue raised on appeal is whether the trial court erred in allowing the prosecutor to strike two blacks from the jury venire, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson mandates that once the defendant establishes a prima fa-cie case of purposeful discrimination in the selection of the jury, “the burden shifts to the state to come forward with a neutral explanation for challenging black jurors.” Batson, supra, 476 U.S. at 97, 106 S.Ct. at 1723.
“It is within the sound discretion of the trial court to determine if the State’s peremptory challenges of black jurors are motivated by intentional racial discrimination. Ex parte Jackson, 516 So.2d 768 (Ala.1986). Moreover, the trial court’s findings as to whether the defendant has established purposeful racial discrimination are to be accorded great deference on appeal, Batson supra, 476 U.S. at 98, 106 S.Ct. at 1724, and should be reversed on appeal only if they are clearly erroneous. Ex parte Branch, 526 So.2d 609 (Ala.1987).”
Ex parte Lynn, 543 So.2d 709, 712 (Ala.1988), cert. denied, — U.S. -, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989).
The record reveals that during the selection of the jury, defense counsel made the following objections with regard to the exclusion of jurors number 22 and 24:
“MR. PRICE: The defendant in this case is a black man. Number 22, according to my records, ... is a black man. I challenge on the basis of Batson v. Kentucky.
“MR. GODWIN: [Number 22] has pending criminal charges against him in court in Atmore. We just don’t think he’s a good candidate because he’s got two charges pending against him.
“THE COURT: I deny the challenge.
“(Jury striking continued and the following bench conference occurred:)
“MR. PRICE: The fifth strike, number 24, ... who I understand she too is black, is -the second strike of the state’s seven strikes who happens to be black. The defendant is black. I challenge on the grounds of Batson v. Kentucky.
“MR. GODWIN: [Number 24’s] mother ... is a counselor at Southern Normal School. She has had charges filed in the district attorney’s office against her for being out of control, in other words, assault. I have had her in my office. I have put her under pre-trial diversion myself. In other words, she [has] been prosecuted by the state. I have an ad *1054 verse relationship with [number 24] due to the charges her family has brought.
“THE COURT: This particular juror?
“MR. GODWIN: Yeah, Hermastine Lancaster. She’s the daughter. I mean, she’s brought numerous charges in the district attorney’s office. She’s had several charges which have been prosecuted or disposed by the district attorney’s office.
“THE COURT: I deny the challenge.”
It is apparent that juror number 24 was struck because of her past criminal record. Juror number 22 was struck because he had criminal charges pending against him. In Ward v. State, 539 So.2d 407, 408 (Ala.Cr.App.1988), cert. denied, 539 So.2d 407 (Ala.1989), we held that “strikes based on previous criminal records are not racially discriminatory in nature as such; this reason is deemed to be ‘race-neutral’ ”
Based on the foregoing, we find no “clear error” in the trial court's determination that sufficient “race-neutral” explanation were given to overcome Square’s Batson objection to these strikes.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.